IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LATASHA DORSEY, as Administrator of the Estate of AMOS HUBBARD, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CIVIL ACTION NO. 5:21-CV-435 (MTT) |
| MICHAEL MCMUNN, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the defendants' motion for summary judgment (Doc. 37). Doc. 42. For the following reasons, the Magistrate Judge's Report and Recommendation (Doc. 42) is **ADOPTED in part and REJECTED in part**.

### I. BACKGROUND

After screening Amos Hubbard's complaint pursuant to 28 U.S.C. § 1915A, the Court permitted Hubbard, then a pretrial detainee at Butts County Detention Center, to pursue deliberate indifference to serious medical needs claims against defendant Michael McMunn[1] based on the management of Hubbard's nerve pain medication, diabetic foot issues, and insulin, and against defendant SHP based on its alleged policy of limiting the distribution of pain medication. Docs. 4 at 11, 15-16; 12. Hubbard died while in custody on August 20, 2022 due to coronary vascular disease with hypertensive

---

[1] McMunn is a Doctor of Nursing Practice. Doc. 23-3 ¶ 2. At all relevant times, he worked for defendant Southern Health Partners ("SHP"), "providing advanced practice medical care to various jails in Georgia, including the inmates at the Butts County Detention Center." *Id.* ¶ 3.

heart disease. Docs. 21; 37-2 at 2; 39 at 3; 42 at 2. Hubbard's medical history included "a prior stroke, congestive heart failure, high blood pressure, kidney disease, and diabetes, which was complicated by his morbid obesity and his noncompliance with diabetic dietary guidelines." Docs. 37-5 ¶ 6; 39-1 ¶ 6. Counsel entered the case on Hubbard's behalf and Latasha Dorsey, the administrator of Hubbard's estate, was substituted as the plaintiff. Docs. 20; 36. Following the substitution, the defendants moved for summary judgment on all of Hubbard's claims. Doc. 37.

The Magistrate Judge recommends granting summary judgment on (1) Hubbard's claim against McMunn based on his management of Hubbard's foot issues because "the record does not establish that Dr. McMunn was subjectively aware of the condition of [Hubbard]'s feet and that he disregarded that risk with more than merely negligent conduct," and (2) Hubbard's claim against SHP because "the record does not show that such a policy existed or that his pain was ignored." Doc. 42 at 12-18. The Magistrate Judge further recommends that Hubbard's claims regarding the discontinuation of his nerve pain medication and insulin should be deemed abandoned and dismissed based on Hubbard's failure to brief those issues. *Id*. at 2-3.

Plaintiff objected in part to the Magistrate Judge's Recommendation. Doc. 45. Her objection is primarily focused on McMunn's subjective knowledge of the condition of his feet. *See generally id.* She does not object to the Recommendation as to SHP or the nerve pain medication and insulin claims. *Id*. The defendants responded to the objection, arguing that (1) the Court should overrule the objection "because it does not *specifically* identify the findings to which she objects," (2) the Magistrate Judge "correctly concluded that the medical records and other evidence in this case do not

permit … a finding" that McMunn had subjective knowledge, and (3) even if McMunn did have subjective knowledge, the Magistrate Judge "correctly concluded" that the record does not support a finding that McMunn "disregarded Mr. Hubbard's medical needs with more than negligent conduct." Doc. 46 (emphasis in original).

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo Hubbard's claim against McMunn based on the treatment of his feet.[2]

## II. DISCUSSION

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Regarding the objective component, Hubbard must have had "an objectively serious medical need" that, "if left unattended, poses a substantial risk of serious harm." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (cleaned up). McMunn does not dispute that the condition of Hubbard's feet, in combination with his various other medical conditions, constituted a serious medical need. Doc. 37-1 at 12.

With respect to the subjective component, the plaintiff must provide evidence tending to establish that each defendant (1) had "subjective knowledge of a risk of serious harm; (2) "disregard[ed] ... that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *see* Doc. 42 at 11 n.7 (explaining use of the "mere negligence" standard). Finally, the plaintiff must

---

[2] Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the remaining portions of the Report and Recommendation for clear error. After review, the Court finds no error as to SHP or Hubbard's nerve pain medication and insulin claims.

provide evidence suggesting that his injury was caused by the defendant's deliberate indifference. *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

### A. McMunn's Subjective Knowledge

The plaintiff argues that the Magistrate Judge incorrectly determined that circumstantial evidence would not allow a reasonable jury to find that McMunn had subjective knowledge of the condition of Hubbard's feet. Doc. 45 at 2-13. The Court agrees.

Hubbard's cellmate, Albert Ross, testified that he observed Hubbard experience "indescribable pain" in his feet and struggle to walk, and saw that "his feet were in bad condition … [his] toenails were long, overgrown, extremely dry and scaly (dry skin caking off of his feet). His toenails were splitting and growing wild. He had scabs on both his feet and legs. He had thick white skin all over his feet." Doc. 39-13 ¶¶ 2-4. In April and May 2021, Hubbard submitted medical requests complaining of foot pain and cracked toenails. Doc. 28-3 at 7-8. At a May 3, 2021 visit, a nurse described Hubbard's feet: "right great toenail noted with redness to top of nailbed … toenails noted excessive in length with thickness underneath." Doc. 39-17. At a November 10, 2021 podiatry visit, the doctor noted Hubbard's toenails were "discolored—dark, elongated, … thickened and with distal subungual debris." Doc. 28-1 at 58. The podiatrist treated Hubbard's condition by debriding his toenails and giving him an injection in his left foot. Doc. 28-2 at 1. Photos taken by Hubbard's counsel in his criminal case on June 6, 2022 show Hubbard's feet in the conditions described above. Docs. 39-5; 39-6; 39-7; 39-8; 39-9; 39-10; 39-11; 39- 12 ¶ 4. Moreover, Ross testified that "[t]he photos

accurately represent the condition [Hubbard's] feet and legs were in when [Ross] left the Butts County Detention Center in June of 2022." Doc. 39-13 ¶ 5.

McMunn testified that he did not "remember" seeing Hubbard's feet in the condition they were in the June 2022 photos. Doc. 41-1 at 90:23-91:5. However, McMunn saw Hubbard twice between February 24, 2021 and November 10, 2021, when the podiatrist treated Hubbard's feet. Docs. 28 at 63-65; 28-2 at 24; 28-3 at 15; 28-4 at 23-26. At least one of those visits—August 11, 2021—was a chronic care visit. Doc. 28-3 at 15. And McMunn testified that patients "expose their feet at every chronic care visit." Doc. 41-1 at 82:13-14. Moreover, McMunn knew Hubbard had diabetes and foot pain. Doc. 41-1 at 22:2-4, 25:12-14. Finally, McMunn reviewed and signed off on most of Hubbard's medical records, including podiatry visit notes that included descriptions of Hubbard's feet and noted diabetic neuropathy and gout. Docs. 28-1 at 56-58; 28-2 at 1-2; 28-8 at 20; 44-1 at 47:2-7.

The above circumstantial evidence is sufficient to create a dispute of material fact as to whether McMunn had subjective knowledge of the condition of Hubbard's feet. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)) ("Whether a particular defendant has subjective knowledge of the risk of serious harm is a question of fact 'subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'"). Thus, the Court rejects the Magistrate Judge's conclusion that this evidence cannot show that McMunn was subjectively aware of the condition of Hubbard's feet. Doc. 42 at 15.

**B. Disregard of the Risk**

Moreover, there is a dispute of material fact as to whether McMunn disregarded the risk Hubbard's feet posed with more than merely negligent conduct. Although the evidence does show that McMunn treated Hubbard's *diabetes*, there is no evidence that McMunn ever treated Hubbard's *feet*. See Docs. 23-3 ¶ 32; 28-3 at 5, 12, 14, 25, 29; 41-1 at 82:2-6. And there is evidence that Hubbard was experiencing substantial pain and could barely walk because of the condition of his feet. Docs. 1 at 6 ("Most of the time it feels like I'm walking on little pieces of broken glass, and there's the intense … pain that feels like someone is inside my feet and trying to cut its way out."); 28 at 43; 28-3 at 7; 28-4 at 21; 39-13 ¶¶ 2-4. Thus, the Court rejects the Magistrate Judge's conclusion that "the record does not show that [Hubbard] went untreated as alleged or that the care he received amounted to no care at all." Doc. 42 at 15; *see Mandel v. Doe*, 888 F.2d 783, 789 (11th Cir. 1989) ("When the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.").

**C. Causation**

Finally, there is, barely, a dispute of material fact as to whether McMunn's deliberate indifference caused injury. Hubbard complained about his foot pain on several occasions. Docs. 28 at 43; 28-1 at 56, 58; 28-2 at 1; 28-3 at 7; 28-4 at 21; 28-9 at 51; 39-12 ¶ 3; 39-13 ¶¶ 2-4; 39-17. Although this pain was in part related to his diabetic neuropathy, some of the pain was a result of the condition of his toenails, which, based on the record, McMunn did not treat. Docs. 28-1 at 56; 28-2 at 1; 28-3 at 7; 28-9 at 51. Therefore, a reasonable jury could conclude that McMunn's deliberate

-7-

indifference caused Hubbard's alleged pain during the period between his August 11, 2021 chronic care visit with McMunn and the podiatrist's November 10, 2021 visit when Hubbard received treatment for his feet.[3]

### III. CONCLUSION

Accordingly, the Report and Recommendation (Doc. 42) is **ADOPTED in part and REJECTED in part**.  The defendants' motion for summary judgment (Doc. 37) is **GRANTED** as to SHP and Hubbard's nerve pain medication and insulin claims.  It is **DENIED** as to Hubbard's deliberate indifference claim based on his foot issues against McMunn.

**SO ORDERED**, this 26th day of March, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] McMunn argues "expert testimony [is] required to survive summary judgment" and Hubbard has provided none.  Doc. 37-1 at 17-18.  However, he cites no case law directly supporting this argument on these facts and the Court can find none.