# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LATASHA DORSEY, as Administrator Of the Estate of AMOS HUBBARD | ) ) CIVIL ACTION FILE |
| | ) NO. 5:21-CV-00435-MTT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL MCMUNN, DNP, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO CERTIFY THE COURT'S ORDER DENYING RECONSIDERATION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PENDING RESOLUTION

COMES NOW Defendant Michael McMunn, DNP ("Dr. McMunn") pursuant to 28 U.S.C. § 1292(b), and respectfully requests that the Court certify its Order Denying Reconsideration (Doc. 68) of its Order rejecting in part the Magistrate Judge's Report and Recommendation and denying in part Dr. McMunn's motion for summary judgment. (Doc 49.) Dr. McMunn further moves the Court to stay these proceedings pending resolution of any subsequent interlocutory appeal.

Under 28 U.S.C. § 1292(b), a party may petition the Court of Appeals for interlocutory review when a district judge certifies in writing that an order an order that is not otherwise appealable "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

1

However, the application for an interlocutory appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." *Id.*

Thus, § 1292(b) authorizes an appeal of an interlocutory order where (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) where "an immediate appeal from the order may materially advance the termination of the litigation." *Flint Riverkeeper, Inc. v. S. Mills, Inc.*, 261 F. Supp. 3d 1345, 1346–47 (M.D. Ga. 2017). Dr. McMunn does not bring this motion flippantly, but acknowledges that this procedure should "be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation [,] where a question which would be dispositive of the litigation is raised[,] and there is serious doubt as to how it should be decided." *Id.* However, for the reasons that follow, Dr. McMunn respectfully submits that this is just such a case.

The Court's Order denying reconsideration found that "a reasonable jury could find that McMunn was subjectively aware of the condition of Mr. Hubbard's feet and that McMunn acted 'with subjective recklessness as used in criminal law when he failed to respond to that condition.'" (Doc. 69, at 2, *citing Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024)). However, the Court did not address the question of whether the undisputed facts "demonstrate that [Dr. McMunn] actually

knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1253. In particular, in this case it is undisputed that Mr. Hubbard's "foot issues"—elongated toenails and the thickened skin on his feet—would have required treatment by someone *other than Dr. McMunn*, since it was the responsibility of the staff nurses to trim inmates' nails at their request, and the decedent never submitted written requests for attention to these issues that were not addressed. Mr. Hubbard's other foot issues would have required treatment by a podiatrist, *not* Dr. McMunn. It is also undisputed that Dr. McMunn *did* provide extensive treatment for Mr. Hubbard's diabetes and gout, which were the underlying systemic causes of the poor condition of his feet.

Thus, the question is to be certified is, where the purportedly "serious harm" would have required treatment by someone *other than the defendant*, a plaintiff is able to show that the defendant knew that his *own acts or omissions* created a substantial risk of serious harm, as the Eleventh Circuit now requires. This is a controlling question of law, since it involves the meaning of a "common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact," and does not require "rooting through the record in search of the facts or of genuine issues of fact." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (a controlling question of law under § 1292(b) "is more

of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record'").

Moreover, there is a substantial ground for difference of opinion on this issue, particularly since the Eleventh Circuit's decision in *Wade* is so recent, and there is a dearth of authority applying this newly-articulated standard for proving the subjective prong of a deliberate indifference claim. *See Singletary v. Se. Freight Lines, Inc.*, 833 F. Supp. 917, 919 (N.D. Ga. 1993) (certifying order for interlocutory appeal, despite believing its order to be correct, based on persuasive authority stating that a district court should sanction an interlocutory appeal where it is "reasonable that an appellate judge could vote for reversal of the challenged order").

Finally, an immediate appeal may materially advance the termination of the litigation. If the Eleventh Circuit ultimately agrees with Dr. McMunn's position that the subjective standard set out in *Wade* prohibits Plaintiff's recovery under the undisputed facts of this case, then the case will be terminated before it proceeds to trial. If not, that knowledge may also assist the parties in negotiating a resolution of this case. Either way, an interlocutory appeal is likely to materially advance the termination of the lawsuit.

## **CONCLUSION**

Dr. McMunn respectfully requests pursuant to 28 U.S.C. § 1292(b) that the Court certify its Order denying reconsideration (Doc. 68) for immediate

4

interlocutory appeal and stay these proceedings pending resolution of any subsequent interlocutory appeal.

This 4th day of September, 2024.

By: /s/ Mary Ellen A. Lighthiser
MICHAEL D. FLINT
Georgia Bar No. 264725
MARY ELLEN A. LIGHTHISER
Georgia Bar Number 105407
*Attorneys for Michael McMunn*

McClure & Kornheiser, LLC
6400 Powers Ferry Road NW
Suite 150
Atlanta, GA 30339
Telephone: (678) 388-2680
E-mail: mflint@mcclurelegal.com
mel@mcclurelegal.com

## CERTIFICATE OF SERVICE

I certify that on this day I filed the within and foregoing DEFENDANT'S MOTION TO CERTIFY THE COURT'S ORDER DENYING RECONSIDERATION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PENDING RESOLUTION using the CM/ECF System for the federal District Court for the Middle District of Georgia. Further, a true and correct copy of the foregoing was sent to the following via electronic mail to the following counsel of record:

Malcolm A. Palmore, Esq.
Palmore, Boenig & Associates
575 Research Drive
Suite C
Athens, Georgia 30605
mpalmore@pba-georgialawyers.com

This the 4th day of September, 2024.

/s/ Mary Ellen Lighthiser
Mary Ellen Lighthiser
Georgia Bar No. 105407

McClure & Kornheiser, LLC
6400 Powers Ferry Road NW
Suite 150
Atlanta, GA 30339
Telephone: (678) 388-2680
E-mail: mflint@mcclurelegal.com
mel@mcclurelegal.com