IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LATASHA DORSEY, as Administrator | ) | |
| Of the Estate of AMOS HUBBARD | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 5:21-CV-00435-MTT-CHW |
| MICHAEL MCMUNN, DNP, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF DORSEY'S OPPOSITION TO DEFENDANT MCMUNN'S MOTION TO CERTIFY THE COURT'S ORDER DENYING RECONSIDERATION FOR INTERLOCUTORY APPEAL AND MOTION TO STAY PENDING RESOLUTION

COMES NOW Plaintiff Dorsey and respectfully requests this Court DENY Defendant McMunn's Motion to Certify the Court's Order Denying Reconsideration for Interlocutory Appeal and Motion to Stay Pending Resolution. [Doc. 71]. In support of her request for denial of Defendant's motions, Plaintiff shows this Honorable Court the following:

PROCEDURAL POSTURE

Defendant McMunn, following this Court's denial of his Motion for Reconsideration [Doc. 68], files this request pursuant to 28 U.S.C. §1292(b) seeking to have this Court sanction an interlocutory appeal. Defendant McMunn

further seeks to delay the proceedings pending resolution of any subsequent

interlocutory appeal.

## ARGUMENT

When a district judge is of the opinion that an order involves a controlling

question of law as to which there is *substantial ground for difference of opinion*, he

shall so state in writing in such order.  The Court of Appeals which would have

jurisdiction of an appeal of such action may thereupon, in its discretion, permit an

appeal to be taken from such order.  Application for an appeal shall not stay

proceedings in the district court unless the district judge or the Court of Appeals or

a judge thereof shall so order.  28 USC §1292(b).  Defendant McMunn's question

raised in his motion does not meet this standard.  Defendant's motion for

interlocutory appeal is based on the argument he is not a podiatrist and thus not

personally responsible for trimming Mr. Hubbard's toenails.  The application for an

appeal alleges this Court never addressed and Mr. Hubbard cannot show whether

he [McMunn] knew that his own acts or omissions put Mr. Hubbard at substantial

risk of harm.  [See Doc. 71].

However, there is no substantial ground for difference of opinion as

Defendant McMunn has already provided a sworn affidavit acknowledging he was

a doctor of nursing practice who provided advanced practice medical care to Mr.

Hubbard, an inmate at the Butts County Detention Center (BCDC). [Doc. 25-3, p. 3,

¶ 3]. He acknowledged he was Mr. Hubbard's primary care provider (PCP) providing chronic care, episodic care, and urgent care to Mr. Hubbard. [Id at ¶ 5]. In addition, when deposed, Defendant McMunn acknowledged responsibility for the care of his patient's feet. [McMunn Depo. p. 50, lines 17-23]. He also recognized it was his responsibility to ensure his patients actually received the specialty care he referred for them. [McMunn Depo. p. 50, lines 24-25 and p. 51, lines 1-2].

Based on Plaintiff's evidence already before the Court, a reasonable trier of fact could find it was Defendant McMunn's responsibility to ensure his patient Mr. Hubbard received timely treatment to address his foot issues, to include trimming toenails and podiatry. A reasonable trier of fact could also find Defendant McMunn failed to ensure Mr. Hubbard received this timely foot care. Finally, a reasonable trier of fact could find Defendant McMunn knew his own failure to ensure Mr. Hubbard's podiatry needs were met would create a substantial risk of serious harm to Mr. Hubbard.

CONCLUSION

This Court should rule the standard in 28 U.S.C. §1292(b) has not been met as no substantial ground for difference of opinion exists. Defendant McMunn merely seeks to re-litigate issues this Court has already considered and correctly rejected when it denied Defendant's Motion for Reconsideration. [Doc. 63]. Properly applying the facts to the law as expressed in Wade vs. McDade, this Court

held that based on the disputed facts, a reasonable jury *could* find Defendant McMunn was subjectively aware of the condition of Hubbard's feet and that he acted "with subjective recklessness as used in criminal law" when he failed to respond to that condition. [Doc. 68, p. 2] [Emphasis added.]

Defendant McMunn may continue to propound his argument that he personally was not charged with carrying out actual treatments, but, as Mr. Hubbard's PCP, Defendant McMunn was absolutely responsible for ensuring Mr. Hubbard's podiatry needs were met and he failed to do so.  A finding this Court noted in its Order.  [Id.]

Defendant's request for interlocutory appeal should therefore be DENIED. Defendant's request to delay the case by seeking an interlocutory appeal is therefore rendered moot or, specifically, should also be DENIED.


Respectfully submitted this 10th day of September, 2024.


/s/Markus Boenig
Georgia Bar No. 158106
Palmore, Boeing & Associates, PC
575 Research Drive, Suite C
Athens, GA 30605
(P) 706-549-6880
(P) 706-549-6879
mboenig@palmoreboenig.com

/s/Malcolm Palmore
Georgia Bar No. 560203
Palmore, Boeing & Associates, PC
575 Research Drive, Suite C
Athens, GA 30605
(P) 706-549-6880
(F) 706-549-6879
mpalmore@palmoreboenig.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing Plaintiff Dorsey's Opposition to Defendant McMunn's Motion to Certify the Court's Order Denying Reconsideration for Interlocutory Appeal and Motion to Stay Proceedings has been filed via the clerk of courts electronic filing service CM/ECF which ensures delivery to all parties of record.

DATED this 10th day of September, 2024.

PALMORE, BOENIG & ASSOCIATES, P.C.

By: */s/Malcolm Palmore*
     Malcolm Palmore
     Georgia Bar No. 560203

575 Research Drive, Suite C
Athens, GA 30605
(706) 549-6880 (office)
(706)-549-6879 (fax)
mpalmore@pba-georgialawyers.com
mpalmore@palmoreboenig.com