IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LATASHA DORSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIVIL ACTION NO. 5:21-CV-435 (MTT) |
| MICHAEL MCMUNN, | ) ) ) |
| Defendant. | ) ) |

### ORDER

Defendant Michael McMunn moves for a Certificate of Appealability ("COA") and to stay proceedings pending resolution of any subsequent interlocutory appeal. Doc. 71.

Interlocutory appeals are strongly disfavored. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("[P]ermitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.").[1] A district court cannot certify an immediate appeal unless: (1) it would "materially advance the ultimate termination of the litigation," and (2) "substantial ground for difference of opinion" exists concerning a "controlling question of law" to be appealed. 28 U.S.C. § 1292(b).

Contrary to McMunn's assertions, whether McMunn "actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm" (Doc. 71) is a discrete factual issue for the jury rather than a controlling question of law.

---

[1] *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000)) ("[I]nterlocutory appeals are inherently 'disruptive, time-consuming, and expensive,' and consequently are generally disfavored."); *In re Esteva*, 60 F.4th 664, 672 (11th Cir. 2023) (same).

And on this record, McMunn's insistence, no matter how strident, that he lacked such knowledge does not make it so.  Moreover, a recent Eleventh Circuit decision such as *Wade* alone is not indicative of a substantial ground for difference of opinion.[2] Accordingly, McMunn's motion for a COA and to stay proceedings (Doc. 71) is **DENIED**.

**SO ORDERED**, this 2nd day of October, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] *See Georgia State Conference of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 952 F. Supp. 2d 1360, 1362 (N.D. Ga. 2013) ("The requirement that there be substantial ground for difference of opinion is satisfied when (1) the issue is difficult and of first impression, (2) a difference of opinion as to the issue exists within the controlling circuit, or (3) the circuits are split on the issue.")